IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LEE CHILDRESS, JR.,

    Petitioner,                    No. CIV S-02-0870 DFL GGH P

    vs.

MIKE KNOWLES, Warden,

    Respondent.                  ORDER

_____/

    Petitioner, a state prisoner proceeding with appointed counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On September 20, 2005, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within ten days.[1] Respondent has filed objections to the findings and recommendations to which petitioner has filed a reply.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case.

---

[1] By order filed on September 27, 2005, respondent was granted an extension of time to file objections.

1

The court agrees with and adopts the first 19 pages of the 22 page findings and recommendations. However, the court cannot adopt the analysis that begins at line 4 on page 20 and which concludes that the trial judge's reference to "general intent," in response to a question from the jury, was a violation of due process. The reference to "general intent" was irrelevant. The general intent instruction addressed the defendant's "intent to violate the law." But this kind of general intent was not at issue in the case. Moreover, the particular elements of second degree murder and malice were properly given to the jury. Unlike the situation in Ho v. Carey, 332 F.3d 587 (9th Cir. 2003), there is no reasonable inference here that the judge's irrelevant reference to "general intent" somehow negated the correct instructions for second degree murder and malice. The real issue is not the reference to "general intent," but the trial judge's advice – in response to a question about "fear" – that the failure of the prosecution to overcome a duress defense should lead to acquittal of second degree murder as well as any lesser included offense of manslaughter. But on this issue the magistrate judge correctly concludes that there is no basis for granting a writ of habeas corpus. As the magistrate judge notes, the judge's response may or may not have been a misstatement of state law concerning duress. The trial judge may also have erred in assuming that the jury's question related solely to the duress instruction ("menace") when, in fact, the question was intended to be broader. But these mistakes, if any, would not be the basis for the issuance of the writ for two reasons. First, errors of state law do not provide the basis for habeas corpus relief. And second, if it could be error of constitutional magnitude to instruct the jury that fear does not negate malice, this is not what the trial judge instructed. He took the question to relate to the duress instruction and he instructed accordingly. He said nothing to undermine the proper instructions on the elements of second degree murder and the intent requirements. If the jury was asking a different question, then presumably the jury would have asked for clarification which it did not.

In short, under the standard enunciated in Middleton v. McNeil, 541 U.S. 433 (2004), the court finds that the state court did not unreasonably apply federal law when it concluded that the

reference to "general intent" in the instructions did not mislead the jury as to the elements of second degree murder, including malice.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on September 20, 2005, are rejected;

2. Petitioner's motion for judgment on the pleadings, filed on April 18, 2005, is denied as to claim two; and,

3. The case is referred to the magistrate judge for further proceedings.

DATED: 3/27/2006

_____
DAVID F. LEVI
United States District Judge